**In the Matter of the WELFARE OF Carrie McDONALD.**

No. 81–273.

Supreme Court of Minnesota.

Feb. 19, 1982.

William R. Kennedy, Hennepin County Public Defender, and Patrick Sullivan, Asst. Public Defender, Minneapolis, for appellant.

Thomas L. Johnson, County Atty., and Anne Peek, Staff Atty., Robert Latz, P. A. and David Goldman, Minneapolis, for respondent.

TODD, Justice.

Anna Heinen, the natural mother of Carrie McDonald, appeals from the order of the Hennepin County District Court, Juvenile Division, terminating her parental rights. Her rights were terminated on the grounds that she had substantially and continuously neglected to comply with the duties imposed upon her by the parent-child relationship, Minn.Stat. § 260.221(b)(2) (1980) and that she had failed to correct the conditions leading to the determination of the child's dependency, Minn.Stat. § 260.221(b)(5) (1980). We affirm.

Carrie McDonald was born on April 7, 1970 and was voluntarily placed in foster care by her mother on January 20, 1972 after an incident of child abuse. The evidence discloses that Anna has not provided day-to-day care, supervision or discipline for Carrie since that placement with the exception of a 2-month period during the summer of 1977.

On March 17, 1978, the district court found Carrie to be a dependent child upon Anna's admission that she could not provide the care and parenting required by Carrie. The court considered extensive evidence relating to the presence in Anna's home of Al Heinen and the effect upon Carrie. The record contains evidence that Heinen sexually abused Carrie on occasion during the period from 1972 to 1977 in the presence of Anna, that Heinen exhibits a hostile, potentially volatile personality and that Carrie has expressed fear of Heinen.

In addition, the district court was aware that Anna has exhibited only limited inter-

est in Carrie while the child has been in foster care placement. During the period from September 1977 through June 1980, Anna visited Carrie but 5 or 6 times and there were no visits during the period from April to October 1978.

Subsequent to the dependency finding, the district court imposed upon Anna the following conditions:

A. Mother shall involve herself and participate in parenting training for the purpose of teaching her basic parenting skills, such as discipline, management, nutrition, child development, etc.; Mother shall have satisfactorily acquired adequate parenting skills as determined by the instructor prior to the child's return.

B. Mother shall maintain regular visits with the child at a minimum of twice a month as arranged through Hennepin County Bureau of Social Services Social Worker; all visits must be without Al Heinen present; Al Heinen is not to have contact with child at any time until ordered by Court with or without Mother present.

C. Mother shall keep twice a month appointments with Hennepin County Bureau of Social Services Social Worker, without Al Heinen present for purpose of discussing case plan and progress.

It is undisputed that Anna failed to comply with any of the three conditions imposed by the court. The social worker visited Anna and Al Heinen, who were married in June of 1979, on several occasions in their home, primarily because Mr. Heinen would not permit Anna to attend parenting classes outside the home. Heinen often dominated the conversations and the social worker later testified that the visits degenerated to the point where there was no communication and it became pointless to continue the parenting sessions.

The record also indicates that Anna did not comply with the visitation schedule. There were a total of 5 visits prior to September 15, 1979 and no visits for the period from September 1979 to November 1980. The record also indicates that contrary to the court's instructions, Al Heinen was present during the few visits which did occur. Alternate transportation plans were offered to Anna so that Al Heinen would not have to accompany her, but Anna did not avail herself of these alternate plans.

On August 8, 1979, the trial court ordered both Anna and Al Heinen to participate in and complete psychological evaluations. Neither of the parties completed those evaluations.

Relying upon those recorded facts, the district court concluded that Anna had failed to correct the conditions leading to the determination of the child's dependency, and terminated her parental rights pursuant to Minn.Stat. § 260.221(b)(5) (1980). It is our view that the great weight of the evidence supports the trial court's determination that these statutory grounds for the termination of parental rights existed in this matter and, in light of the fact that the court is also permitted to consider the best interests of the child, *In re the Welfare of H. G. B.*, 306 N.W.2d 821 (Minn.1981), the order for termination must be affirmed.

Affirmed.